UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| In Re:<br><br>**Allison B. Averett,**<br><br>Debtor. | **Bankruptcy Case<br>No. 10-41080-JDP** |

_____

MEMORANDUM OF DECISION
_____

In this case, Trustee Sam Hopkins filed a motion asking the Court to approve a compromise of his claim to avoid an alleged unauthorized post-petition transfer as against the United States Treasury under § 549(a). Dkt. No. 54. As explained to the Court by Trustee's counsel in the motion, and at a hearing, apparently, shortly after the filing of the bankruptcy petition, Debtor received a large cash inheritance that was property of the bankruptcy estate. Instead of turning the money over to Trustee, at some later date, she used the money to pay both her prebankruptcy tax obligations, and post-bankruptcy taxes due from Debtor and her non-filing

MEMORANDUM OF DECISION -1

spouse. When Trustee became aware of these facts, he sought recovery of the amounts paid by Debtor from the United States Treasury.

Under the proposed compromise, the United States Treasury will pay over to Trustee most of the amounts paid by Debtor from the inheritance. It will retain the amounts paid for Debtor's prebankruptcy taxes (which, after all, would constitute a priority claim entitled to full payment in the bankruptcy case), and agree to make no other claims against the bankruptcy estate. This proposal resolves the pending litigation, promotes the expeditious administration of the bankruptcy estate, and benefits the creditors of that estate significantly. Under the circumstances, then, this seems to the Court to be an attractive settlement for Trustee and the bankruptcy estate, and the Court will approve it.

There is a bothersome feature to this scenario, though. As acknowledged by Trustee, when the amount to be recovered from the United States Treasury is added to the others funds available to Trustee from other sources in the bankruptcy estate, it appears that all administrative expenses and creditor claims can be paid in full, and a large

MEMORANDUM OF DECISION -2

surplus, in excess of $20,000, will remain.  *See* Dkt. No. 57.  Under § 726(a)(6), any surplus not needed to pay expenses and claims in the bankruptcy case must be paid by Trustee to Debtor when this case closes.

To the Court, it appears odd that, because of Trustee's success in recovering the avoidable transfer from the United States Treasury, that a significant unpaid tax liability will be created, in part, solely for the benefit of Debtor, and at the expense of all taxpayers.  It is also difficult to understand how, as between Debtor and the United States, Debtor should receive these surplus funds.  But, of course, that is the result compelled by the Code and by the agreement made by the United States Treasury and Trustee.

All things considered, there is no good reason for the Court to decline to approve the proposed compromise.  While the Court is perplexed by the agreement made by the United States Treasury to effectively forego its statutory right to file a claim for payment in this bankruptcy case for the amounts to be paid to Trustee under § 502(h), the Court can not appropriately second-guess the parties' motives for the

MEMORANDUM OF DECISION -3

settlement. It is the burden of the United States, not Trustee, or of this Court, to protect its interests as a creditor. The Court can only hope that, if she receives a surplus distribution from Trustee when this case closes, Debtor will consider using the money to again pay the taxes.

    Counsel for Trustee will submit an appropriate order granting the motion and approving the compromise.

Dated: November 7, 2013

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION -4